UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Vem Yenovkian,<br><br>                    Plaintiff,<br><br>    v.<br><br>JP Morgan Chase and Co.,<br><br>                    Defendant. | Case No. 2:24-cv-00170-RFB-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Before the Court is pro se Plaintiff Ven Yenovkian's "omnibus" motion. (ECF No. 9). Plaintiff sees three forms of relief: (1) leave to amend his complaint; (2) leave to conduct early discovery; and (3) an extension of time to respond to Defendant's motion to dismiss. As a preliminary matter, Plaintiff has improperly filed his three requests as a single motion. Under Local Rule[1] IC 2-2(b), "[f]or each type of relief requested or purpose of the document, a separate document must be filed…" So, "omnibus" motions like the one Plaintiff has filed here are improper. Nonetheless, because it is likely Plaintiff was not aware of that rule and in the interest of moving this case forward, the Court rules and issues recommendations on each of the requests for relief Plaintiff brings.

**I.      Motion for leave to amend.**

As Defendant points out in response to Plaintiff's motion to amend, Plaintiff filed his motion within the timeframe in which Federal Rule of Civil Procedure 15(a)(1) provides for amendment as a matter of course.[2] (ECF No. 10). So, Plaintiff was not required to move for

---

[1] The Local Rules for the United States District Court for the District of Nevada can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

[2] Defendant brings other arguments against allowing Plaintiff's amendment and denying Defendant's motion to dismiss as moot. (ECF No. 10). Specifically, Defendant asserts that the amended complaint fails to cure the defects of the original and is thus futile. (*Id.* at 2-4). But futility arguments are better made in a motion to dismiss, rather than in opposing a motion to

leave to amend his complaint.  Nonetheless, the Court thus grants Plaintiff's motion.  Plaintiff must file and serve his proposed amendment as required by Local Rule 15-1(b).  Additionally, because the Court has granted Plaintiff's motion for leave to amend, it recommends denying Defendant's motion to dismiss (ECF No. 6) as moot.

## II. Motion for leave to conduct early discovery.

Plaintiff moves to conduct early discovery so that he may combat Defendant's motion to dismiss.  A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d).  Early discovery may be permitted by court order upon a showing of good cause.  *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

The party seeking expedited discovery bears the burden of showing good cause.  *Id*.  Because expedited discovery is not the norm, the movant must make a prima facie showing of the need for that expedited discovery.  *Id*.  A finding of good cause may be made where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.  *Id*.  To make this determination, courts evaluate the reasonableness of the request in light of all the surrounding circumstances.  *Id*. at 1067.  At bottom, courts have "wide discretion" in determining whether the circumstances justify expedited discovery.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

---

amend.  *See GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (explaining that "[d]enial of leave to amend on [futility grounds] is rare" and that "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed").  Defendant also argues that, if the Court allows for Plaintiff's amendment, the Court should not deny its motion to dismiss as moot and should allow Defendant to rely on its original motion to dismiss *and* a second motion to dismiss directed only to the new claims in Plaintiff's amended complaint.  (ECF No. 10 at 4-5).  The Court is not inclined to grant this request because it is raised in a response and not a separately-filed motion.

Here, the Court does not find that Plaintiff has shown good cause to expedite discovery. Plaintiff argues that early discovery is necessary because he is left "in a place of speculation, without the adequate tools to respond to the Motion to Dismiss by the Defendant." (ECF No. 9 at 4). He claims that "[w]ithout adequate discovery to be able to answer and/or respond to some of the central statements and questions brought up by the Defendant's motion to Dismiss, the case of the Plaintiff will prejudiced in a manner that does not represent a fair and equal judicial process." (*Id.*). However, Plaintiff's claims of prejudice and the reasons why he needs early discovery are conclusory and non-specific. Without more detail, he has not shown good cause. The Court denies his motion.

### III. Motion for an extension of time to respond to Defendant's motion to dismiss.

Plaintiff moves to extend the time for him to respond to Defendant's motion to dismiss so that he can conduct additional discovery. (ECF No. 9 at 5). The Court has denied Plaintiff's request to conduct expedited discovery and has recommended denying Defendant's motion to dismiss as moot. As a result, the Court also recommends denying Plaintiff's motion for an extension of time to respond as moot.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's omnibus motion (ECF No. 9) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request to amend his complaint. Plaintiff must file and serve his amended complaint as required under Local Rule 15-1(b). It is denied in part regarding his request for expedited/early discovery.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (ECF No. 6) be **denied as moot** and Plaintiff's request to extend the deadline for him to respond to Defendant's motion to dismiss, made in his omnibus motion (ECF No. 9), be **denied as moot.**

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 3, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE